Richard J. Cino, Esq. (Bar ID 035121990)
Eliza L. Lloyd, Esq. (Bar ID 111352014)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANT CARVANA, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRVING BODINE III, | : |
| | : |
| Plaintiff, | : Hon. _____, U.S.D.J. |
| | : |
| v. | : Civil Action No. __ - _____ (__/__) |
| | : |
| CARVANA MOTOR CORPORATION; | : **NOTICE OF COMPLIANCE WITH** |
| CARVANA LLC and JOHN DOES 1-5 | : **28 U.S.C. § 1446(d)** |
| AND 6-10, | : |
| | : |
| Defendants. | : |

TO:   William T. Walsh, Clerk of Court
       United States District Court for the District of New Jersey
       Mitchell H. Cohen Building & U.S. Courthouse
       4th & Cooper Streets, Room 1050
       Camden, NJ 08101

       Kevin M. Costello, Esq.
       John Johnson, Esq.
       Costello & Mains, LLC
       18000 Horizon Way, Suite 800
       Mount Laurel, NJ 08054
       Attorneys for Plaintiff

Pursuant to the requirements of 28 U.S.C. §1446(d), on August 31, 2018, a Notice of

Filing of Petition for Removal, a true copy of which is attached hereto, has been sent to the Clerk

of the Superior Court of New Jersey, Law Division, Burlington County for filing.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960

By:    /s/ Richard J. Cino
Richard J. Cino
Eliza L. Lloyd
Attorneys for Defendant Carvana, LLC

Dated:  August 31, 2018

428648
4832-1381-4384, v. 1

2

Richard J. Cino, Esq. (Bar ID 035121990)
Eliza L. Lloyd, Esq. (Bar ID 111352014)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANT CARVANA, LLC

| | |
|---|---|
| IRVING BODINE III, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BURLINGTON COUNTY |
| Plaintiff, | DOCKET NO: BUR-L-1117-18 |
| | |
| v. | Civil Action |
| | |
| CARVANA MOTOR CORPORATION; | |
| CARVANA LLC and JOHN DOES 1-5 | **NOTICE OF FILING OF NOTICE** |
| AND 6-10, | **AND PETITION FOR REMOVAL** |
| | |
| Defendants. | |

TO:   Clerk, Superior Court of New Jersey
      Burlington County Civil Division
      49 Rancocas Road
      P.O. Box 6555
      Mount Holly, NJ 08060

      Kevin M. Costello, Esq.
      John Johnson, Esq.
      Costello & Mains, LLC
      18000 Horizon Way, Suite 800
      Mount Laurel, NJ 08054
      Attorneys for Plaintiff

   **PLEASE TAKE NOTICE** that on August 31, 2018 Defendant, Carvana, LLC

("Defendant" or "Carvana"), electronically filed a Notice and Petition for Removal of this action

to the United States District Court for the District of New Jersey with that court.

   **PLEASE TAKE FURTHER NOTICE** that in accordance with 28 U.S.C. § 1446,

Defendant is submitting a true and correct copy of that Notice and Petition for Removal, which is

attached hereto as Exhibit 1, for filing with the Superior Court of New Jersey, Law Division,

Burlington County.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960

By:     /s/ Richard J. Cino
        Richard J. Cino
        Eliza L. Lloyd
        Attorneys for Defendant Carvana, LLC

Dated:  August 31, 2018

428648
4826-3205-1568, v. 2

# EXHIBIT "1"

Richard J. Cino, Esq. (Bar ID 035121990)
Eliza L. Lloyd, Esq. (Bar ID 111352014)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANT CARVANA, LLC

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRVING BODINE III, | |
| Plaintiff, | Hon. _____, U.S.D.J. |
| v. | Civil Action No. __ - _____ (__/__) |
| CARVANA MOTOR CORPORATION; CARVANA LLC and JOHN DOES 1-5 AND 6-10, | **NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, BURLINGTON COUNTY** |
| Defendants. | |

TO:   William T. Walsh, Clerk of Court
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

Kevin M. Costello, Esq.
John Johnson, Esq.
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
Attorneys for Plaintiff

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Carvana, LLC ("Carvana" or "Defendant"), respectfully submits this Notice and Petition for Removal of a case from the Superior Court of New Jersey, Law Division, Burlington County, bearing Docket No. BUR-L-1117-18, and as grounds for removal, states as follows:

1.   Plaintiff, Irving Bodine, III ("Plaintiff"), has brought a civil action against Carvana and co-Defendant Carvana Motor Corporation ("Defendant CMC") in the Superior Court of New Jersey, Law Division, Burlington County, captioned <u>Irving Bodine III v. Carvana Motor Corporation, et al.</u>, Docket No. BUR-L-1117-18.   This action was commenced by the filing of a Complaint on May 30, 2018, a copy of which are attached hereto as Exhibit A. Plaintiff subsequently filed a First Amended Complaint on July 11, 2018, a copy of which is attached hereto as Exhibit B.

2.   Carvana was served with a copy of the Summons and Amended Complaint on August 14, 2018, upon counsel for Carvana's execution of an Acknowledgement of Service.

3.   To date, Plaintiff has not filed on the New Jersey Judiciary electronic filing system any service of process papers as it relates to Defendant CMC.   As such, upon information and belief, Defendant CMC has not been served with process to date.

4.   No proceedings have taken place in the state court action.   Neither Carvana, nor Defendant CMC have served an answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey.

5.   This Notice of Removal is timely filed within the provisions of 28 U.S.C. § 1446(b).   Carvana effected removal within thirty (30) days of receipt of a paper from which it could first be ascertained that this action is removable.   <u>See</u> 28 U.S.C. § 1446.

6.   This action is removable to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as it involves a controversy between citizens of different states:

2

a.   Plaintiff is, and has been, both upon the filing of the subject Complaint and First Amended Complaint on May 30, 2018 and July 11, 2018, respectively, and the filing of this removal petition, a citizen and resident of the State of Tennessee.  (See Plaintiff's Complaint, Ex. A).

b.   Carvana has been and is, both upon the filing of the subject Complaint and First Amended Complaint on May 30, 2018 and July 11, 2018, respectively, and the filing of this removal petition, a Limited Liability Company duly created and organized under the laws of the State of Arizona, with its headquarters and principal place of business located in the State of Arizona; therefore, it is a citizen of the State of Arizona.

c.   Upon information and belief, Defendant CMC is a citizen of the State of New Jersey, as it is a corporation duly created and organized under the laws of the State of New Jersey and its headquarters and principal place of business are located in the State of New Jersey.  Despite this, the forum defendant rule under 28 U.S.C. § 1441(b)(2) does not apply to preclude Carvana's removal petition because Defendant CMC was fraudulently joined in this action.  (See Certification of Christopher Olson, a copy of which is attached hereto as Exhibit C).  In the alternative, the citizenship of Defendant CMC must be disregarded for purposes of this removal petition because Defendant CMC has not been

properly served, rendering the forum defendant rule inapplicable. See 28 U.S.C. § 1441(b)(2).

7.      Plaintiff's Amended Complaint includes the following three counts: (1) retaliation in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1, et seq. (Count I); (2) common law wrongful discharge (Count II); and (3) request for equitable relief (Count III).

8.      The entire amount in controversy, while not specifically enumerated in Plaintiff's Amended Complaint, appears to contemplate an amount exceeding the sum or value of $75,000.  As set forth in the Amended Complaint Plaintiff seeks compensatory damages, including lost wages, benefits, back pay and other out-of-pocket losses; emotional distress damages; punitive damages; attorneys' fees and costs; and pre-judgment interest. See Plaintiff's Amended Complaint, Ex. B.  Given the extensive relief requested by Plaintiff, particularly the requested award of emotional distress and punitive damages, Carvana submits that the amount in controversy exceeds the jurisdictional amount.

9.      Because there is complete diversity between Plaintiff and Carvana, the only properly-named Defendant in this action, and the amount in controversy is in excess of $75,000, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount-in-controversy requirement of 28 U.S.C. § 1332.  This action is properly removable to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

10.      Venue is proper in this Court pursuant to 28 U.S.C. §1441(a).

11.      Defendant files this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

4

12.     Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties, and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Burlington County.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Burlington County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960

By:     /s/ Richard J. Cino
        Richard J. Cino
        Eliza L. Lloyd
        Attorneys for Defendant Carvana, LLC

Dated:  August 31, 2018

428648
4822-8228-5680, v. 2

5

# EXHIBIT "A"

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| IRVING BODINE III, | : SUPERIOR COURT OF NEW JERSEY |
| | : BURLINGTON COUNTY - LAW DIV. |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : |
| | : |
| CARVANA MOTOR CORPORATION, | : DOCKET NO: |
| and JOHN DOES 1-5 AND 6-10, | : |
| | : |
| Defendants. | : **COMPLAINT AND JURY DEMAND** |

Plaintiff, Irving Bodine III, by way of Complaint against the defendants, says:

<u>Preliminary Statement</u>

This matter is opened to the Court under the Conscientious Employee Protection Act

("CEPA") and wrongful termination pursuant to *Pierce v. Ortho Pharmaceuticals* in the

alternative to Count I.

<u>Identification of Parties</u>

1.      Plaintiff Irving Bodine III resides in Southampton, New Jersey and is a former

employee of the defendant.

2.      Defendant Carvana Motor Corporation is an entity conducting business in New

Jersey and registered at 101 Industrial Avenue, Hasbrouck Heights, New Jersey 07604 in Bergen

County.

1

3.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

### General Allegations

4.     Plaintiff was hired as an inspection lead at Carvana's office located at 600 Creek Road, Delanco, New Jersey 08075, in February of 2017.

5.     Plaintiff was responsible for inspecting vehicles that were purchased at auction.

6.     In November of 2017, one of plaintiff's subordinates, Jun Jang, told plaintiff that he saw two employees of a company in the same building as Carvana steal equipment from a Carvana vehicle.

7.     Plaintiff reported the theft to his supervisor, Robert Wright.

8.     N.J.S.A 2(c):20-3 states that a person is guilty of theft if he unlawfully takes, or exercised unlawful control over, moveable property of another with purpose to deprive him thereof.

9.     In November of 2017, plaintiff noticed that a Camaro had come into Carvana from auction.

10.     This particular Camaro had customized tail pipes.

11.     Upon information and belief, the car was eventually sold.

12.     Carvana did a pre-delivery inspection of the car.

13.     The check engine light came on.

14.     The technician working on the car found that there were two codes which indicated emission failure due to the way that the engine was altered in the car.

15.     Plaintiff advised Mr. Wright that the car did not pass inspection.

2

16.     Mr. Wright bought an HP tuner which caused the vehicle to not look for the engine codes which displayed the emissions error.

17.     Plaintiff explained to Mr. Wright that the vehicle should not leave the shop with an hp tuner installed.

18.     Mr. Wright replied that all that needed to be said was, "It was purchased that way."

19.     N.J.A.C 13:20-43.10 states that motor vehicles that fail inspection should be re-inspected within the period of time set forth in N.J.A.C 13:20-7.5, 7.6(a) or 43.14(g), whichever is applicable, after the motor vehicle has been repaired or adjusted.

20.     Emission-related or OBD-related repairs shall be performed by a registered motor vehicle emission repair facility or by the owner or lessee of the motor vehicle.

21.     Due to plaintiff's experience in the inspection of vehicles business, he was easily able to ascertain that the vehicle failed inspection.

22.     It was clear to plaintiff that no re-inspection was done, and as such, N.J.A.C 13:20-43.10 was violated.

23.     In addition, N.J.S.A 56:8-2 states that the act, use or employment by any person by any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, with a knowing, concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, perceived or damaged thereby, it is declared to be an unlawful practice.

3

24.     Shortly after plaintiff complained about the unlawful tuning practices perpetuated by Mr. Wright, he was terminated on December 14, 2017.

25.     In acting as he did, the plaintiff disclosed, objected to and/or refused to participate in the activities, policies and/or practices which he reasonably believed were in violation of a law, or a rule or regulation promulgated pursuant to law, fraudulent or criminal.

26.     Subsequent to the plaintiff engaging in protected activity by making these complaints, he was subjected to adverse employment actions including, but not limited to, being terminated.

27.     A determinative and/or motivating factor in the plaintiff's termination was the fact that he disclosed, objected to and/or refused to participate in activities, policies and/or practices which he reasonably believed were in violation of a law, or a rule or regulation promulgated pursuant to law, fraudulent or criminal.

28.     The defendant's actions including terminating the plaintiff were intentional, purposeful, willful and egregious retaliation, and performed by members of upper management, making punitive damages warranted.

29.     Plaintiff has suffered economic and non-economic harm as a result of defendant's conduct.

## COUNT I

### Violation of CEPA

30.     Plaintiff hereby repeats and realleges paragraphs 1 through 29, as though fully set forth herein.

31.     For the reasons set forth above, defendant is liable to plaintiff for violating CEPA.

4

32.     Because the actions were all purposeful, willful and intentional, punitive damages are sought.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

**COUNT II**

***Pierce v. Ortho Pharmaceuticals* in the Alternative to Count I**

33.     Plaintiff hereby repeats and realleges paragraphs 1 through 32, as though fully set forth herein.

34.     As the remedy, but will elect the *Pierce v. Ortho Pharmaceuticals* theory embodied in this Count in the event the CEPA claim is no longer available.

35.     To the extent plaintiff was terminated for having engaged in protected conduct, his claim is cognizable under *Pierce v. Ortho Pharmaceuticals,* and plaintiff claims tort based damages, including all equitable remedies, equitable back pay, equitable front pay, pain and suffering damages, punitive damages and equitable relief.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### <u>Request for Equitable Relief</u>

36.     Plaintiff hereby repeats and realleges paragraphs 1 through 35, as though fully set forth herein.

37.     Plaintiff requests the following equitable remedies and relief in this matter.

38.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

39.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

40.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

41.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

42.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

43.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

44.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By:  /s/ Kevin M. Costello
     Kevin M. Costello

Dated: May 30, 2018

7

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC


By:  /s/ Kevin M. Costello
        Kevin M. Costello


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC


By:  /s/ Kevin M. Costello
        Kevin M. Costello

8

## RULE 4:5-1 CERTIFICATION

1.    I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.    I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By:   /s/ Kevin M. Costello
       Kevin M. Costello


## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**

By:   /s/ Kevin M. Costello
       Kevin M. Costello

9

# EXHIBIT "B"

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| IRVING BODINE III, | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY - LAW DIV. |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| CARVANA MOTOR CORPORATION;<br>CARVANA LLC and JOHN DOES 1-5<br>AND 6-10, | DOCKET NO: BUR-L-1117-18 |
| Defendants. | **FIRST AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Irving Bodine III, by way of Complaint against the defendants, says:

## Preliminary Statement

This matter is opened to the Court under the Conscientious Employee Protection Act ("CEPA") and wrongful termination pursuant to *Pierce v. Ortho Pharmaceuticals* in the alternative to Count I.

## Reason for Amendment

The Complaint is being amended to add Carvana LLC as a defendant.

## Identification of Parties

1. Plaintiff Irving Bodine III resides in Clarksville, Tennessee and is a former employee of the defendants.

2.    Defendant Carvana Motor Corporation is an entity conducting business in New Jersey and registered at 101 Industrial Avenue, Hasbrouck Heights, New Jersey 07604 in Bergen County.

3.    Defendant Carvana LLC is an entity conducting business in New Jersey and registered at 101 Charles Ewing Boulevard, Ewing, New Jersey 08628.

4.    Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

5.    Plaintiff was hired as an inspection lead at defendant's office located at 600 Creek Road, Delanco, New Jersey 08075, in February of 2017.

6.    Plaintiff was responsible for inspecting vehicles that were purchased at auction.

7.    In November of 2017, one of plaintiff's subordinates, Jun Jang, told plaintiff that he saw two employees of a company in the same building as Carvana steal equipment from a Carvana vehicle.

8.    Plaintiff reported the theft to his supervisor, Robert Wright.

9.    N.J.S.A. 2(c):20-3 states that a person is guilty of theft if he unlawfully takes, or exercised unlawful control over, moveable property of another with purpose to deprive him thereof.

10.   In November of 2017, plaintiff noticed that a Camaro had come into Carvana from auction.

11.   This particular Camaro had customized tail pipes.

12.   Upon information and belief, the car was eventually sold.

2

13. Carvana did a pre-delivery inspection of the car.

14. The check engine light came on.

15. The technician working on the car found that there were two codes which indicated emission failure due to the way that the engine was altered in the car.

16. Plaintiff advised Mr. Wright that the car did not pass inspection.

17. Mr. Wright bought an HP tuner which caused the vehicle to not look for the engine codes which displayed the emissions error.

18. Plaintiff explained to Mr. Wright that the vehicle should not leave the shop with an HP tuner installed.

19. Mr. Wright replied that all that needed to be said was, "It was purchased that way."

20. N.J.A.C. 13:20-43.10 states that motor vehicles that fail inspection should be re-inspected within the period of time set forth in N.J.A.C. 13:20-7.5, 7.6(a) or 43.14(g), whichever is applicable, after the motor vehicle has been repaired or adjusted.

21. Emission-related or OBD-related repairs shall be performed by a registered motor vehicle emission repair facility or by the owner or lessee of the motor vehicle.

22. Due to plaintiff's experience in the inspection of vehicles business, he was easily able to ascertain that the vehicle failed inspection.

23. It was clear to plaintiff that no re-inspection was done, and as such, N.J.A.C. 13:20-43.10 was violated.

24. In addition, N.J.S.A. 56:8-2 states that the act, use or employment by any person by any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, with a knowing, concealment, suppression or omission of any material fact

with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, perceived or damaged thereby, it is declared to be an unlawful practice.

25.     Shortly after plaintiff complained about the unlawful tuning practices perpetuated by Mr. Wright, he was terminated on December 14, 2017.

26.     In acting as he did, the plaintiff disclosed, objected to and/or refused to participate in the activities, policies and/or practices which he reasonably believed were in violation of a law, or a rule or regulation promulgated pursuant to law, fraudulent or criminal.

27.     Subsequent to the plaintiff engaging in protected activity by making these complaints, he was subjected to adverse employment actions including, but not limited to, being terminated.

28.     A determinative and/or motivating factor in the plaintiff's termination was the fact that he disclosed, objected to and/or refused to participate in activities, policies and/or practices which he reasonably believed were in violation of a law, or a rule or regulation promulgated pursuant to law, fraudulent or criminal.

29.     The defendant's actions including terminating the plaintiff were intentional, purposeful, willful and egregious retaliation, and performed by members of upper management, making punitive damages warranted.

30.     Plaintiff has suffered economic and non-economic harm as a result of defendant's conduct.

4

## COUNT I

### Violation of CEPA

31.    Plaintiff hereby repeats and realleges paragraphs 1 through 30, as though fully set forth herein.

32.    For the reasons set forth above, defendant is liable to plaintiff for violating CEPA.

33.    Because the actions were all purposeful, willful and intentional, punitive damages are sought.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### *Pierce v. Ortho Pharmaceuticals* in the Alternative to Count I

34.    Plaintiff hereby repeats and realleges paragraphs 1 through 33, as though fully set forth herein.

35.    At the close of plaintiff's case at trial, if the CEPA count remains viable, plaintiff but will elect the CEPA claim as the remedy, but will elect the *Pierce v. Ortho Pharmaceuticals* theory embodied in this Count in the event the CEPA claim is no longer available.

36.    New Jersey public policy is clear that individuals who make complaints about violations of the law, or a rule or regulation promulgated by the law, specifically concerning risk to public health, or make complaints about acts which are incompatible with clear mandates of public policy, must not be retaliated against for having done so.

37.     To the extent plaintiff was terminated for having engaged in protected conduct, his claim is cognizable under *Pierce v. Ortho Pharmaceuticals,* and plaintiff claims tort based damages, including all equitable remedies, equitable back pay, equitable front pay, pain and suffering damages, punitive damages and equitable relief.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Request for Equitable Relief

38.     Plaintiff hereby repeats and realleges paragraphs 1 through 37, as though fully set forth herein.

39.     Plaintiff requests the following equitable remedies and relief in this matter.

40.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

41.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

42.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

43.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

44.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

45.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

46.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**


By:  **/s/ Kevin M. Costello**
        **Kevin M. Costello**

Dated:  July 11, 2018

7

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:  /s/ Kevin M. Costello
Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:  /s/ Kevin M. Costello
Kevin M. Costello

8

## RULE 4:5-1 CERTIFICATION

1.   I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.   I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By:  **/s/ Kevin M. Costello**
     **Kevin M. Costello**

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**

By:  **/s/ Kevin M. Costello**
     **Kevin M. Costello**

# EXHIBIT "C"

Richard J. Cino, Esq. (Bar ID 035121990)
Eliza L. Lloyd, Esq. (Bar ID 111352014)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890
ATTORNEYS FOR DEFENDANT CARVANA, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRVING BODINE III, | : |
| Plaintiff, | : Hon. _____, U.S.D.J. |
| | : |
| v. | : Civil Action No. __ - _____ (___/___) |
| | : |
| CARVANA MOTOR CORPORATION; | : **CERTIFICATION OF CHRISTOPHER** |
| CARVANA LLC and JOHN DOES 1-5 | : **OLSON** |
| AND 6-10, | : |
| Defendants. | : |

I, Christopher Olson, of full age, hereby certify:

1.      I am Senior Counsel to Carvana, LLC.  I am fully familiar with the facts set forth herein as well as the overall corporate structure and operations of Carvana, LLC.

2.      At the time of the filing and service of the Complaint and Amended Complaint, through and including the date of this Certification, Carvana, LLC was and is incorporated in the State of Arizona with its headquarters located at 1930 W. Rio Salado Pkwy, Tempe, Arizona 85281.

3.      To the best of my knowledge, Carvana Motor Corporation is not in any way related or affiliated with Carvana, LLC or Carvana Group, LLC.

4.      During the period of time relevant to allegations asserted in Plaintiff's Amended Complaint, Plaintiff was employed by Carvana, LLC.

5.      At no point during the relevant period of time was Plaintiff an employee

of Carvana Motor Corporation.

I declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated: August 30, 2018

Christopher Olson

4811-3433-0225, v. 2

2